Burkft, J.
A construction was placed by this court upon some of the provisions of sections 3686 to 3690, both inclusive, Revised Statutes, in the case of The State ex rel. Attorney-General v. Monitor Fire Association, 42 Ohio St. 555; but the question as to whether or not such an association is authorized by law to receive into its membership non-residents of Ohio, was not decided in that case; and we are now requested, by both parties in this case, to pass upon and settle that question.
Section 3686 provides that, “Any number of persons of lawful age, residents of this state, not less then ten in number, may associate themselves together for the purpose of insuring each other against loss by fire and lightning, cyclones, tornadoes, or wind storms; and may make, assess and collect, upon and from each other, such sums of money, from time to time, as may be necessary to pay losses which occur by fire and lightning, cyclones, tornadoes, or wind storms, to any member of such association, and the assess *149 ment and collection of such sums of money shall be regulated by the constitution and by-laws of the association. ”
Section 3687 provides that, “The object of the association, shall only be to enable its members to insure each other against loss by fire * * * and other casualties, and to enforce any contract which may be by them entered into, by which those entering therein shall agree to be assessed specifically for incidental purposes and for the payment of losses which occur to its members.”
Section 3689 provides that the persons named in the certificate shall elect directors ■ and other officers to serve for one year|; and such association, so organized, shall be a body corporate for all the purposes aforesaid; but in no instance shall the-power to insure against losses by fire, be exercised to others than members of the association.
By section 3690 it is provided that all persons who sign the constitution of the association shall be considered and held to be members thereof, and shall be held in law to comply with all the. provisions and requirements of the association.
It will thus be seen that the association is required, by the statute, to begin its existence with members who are residents of Ohio; and the object of the association is to insure its members only, against loss by fire, etc. To become a member the person must sign his name to the constitution. The officers are elected by the members, and the whole scheme contemplated by the statute seems to be an association of rather a local nature, one in which the members are likely to be more or less acquainted with the standing 'of each other, and not scattered all over the country or the world. The success and solvency of such an association depends in a large measure upon the standing and responsibility of its members, the promptness with which they pay their assessments, and the confidence which each has that all the others will in the future continue to comply with the requirements of the association.
This can best be done by limiting the membership to a small territory, and we think, and so hold, that it ¿safe the intention of the legislature, by the statute in queBBKn. to *150 limit the membership of the association to our own state,, and not to permit it to accept members who are non-residents of the state, and not to insure property for such nonresidents situate outside of this state.
Sections 3686 to 3690, both inclusive, form a part of Title two, of part second, of Revised Statutes; and section 3248 provides, that in all “ corporations formed under this title, * * * * all directors and all' the executive officers must be holders of stock in an amount to be fixed by the by-laws, and trustees of corporations must be members thereof.”
So that it was the evident intention-of the General Assembly that in associations of the character in question, the directors should be members of the association, and that persons who are not members of the association, are not legally qualified to fill the office of director in such association.
An association organized under said sections 3686 to 3690, is not authorized to transact insurance buisness upon the “joint stock” plan, nor upon the “ contingent liability ” plan provided for in section 3634, Revised Statutes. It is expressly provided at the close of said section 3634, that, “nothing in this section shall apply to associations for the mutual protection of their members against loss by fire heretofore or hereafter organized as provided in section 3686 of' theRevisedStatutes.” And section3687confines the business of an association for the mutual protection of its members, to insurance in which the agreement among the members is, “ to be assessed specifically for incidental purposes, and for the payment of losses which occur to its members.” The only assessments which such an association has the lawful power to make, are assessments for specific incidental purposes, and for specific losses sustained by its members.- The idea upon which such associations are founded is, that whenever a loss occurs to a member, the amount thereof being first ascertained and adjusted, a specific assessment is made upon all the members to pay such loss. But in practice, the method pursued is not to-make and collect an assessment for each loss as it occurs, but to make and collect assessments At stated periods for all losses which have occured up
*151 ' In such an association the liability of the members is limited only by the amounts of the losses. And an attempt to limit the annual liability, either to the amount of the cash premium paid when the policy is issued, or to the amount of three or five annual cash premiums, is not sanctioned by law, but is expressly prohibited by said sections 3634 and 3687, of the Revised Statutes.
The evidence shows that the defendant has violated the statute in this regard.
It is therefore clear that the defendant has been exercising powers and franchises not authorized by statute.
But defendant pleads that what it has thus done, has been the custom of such associations for years past, with the knowledge and consent of Commissioner of Insurance of the state of Ohio. The evidence fails to show such knowledge and consent on part of the Commissioner of Insurance, and even if it did, his knowledge and consent would not make the acts lawful. Nor would the fact that all such associations have had a custom among themselves to do their business in an unlawful manner, add any legal sanction to such illegal methods.
We therefore conclude that the course of business as transacted by said defendant, is not only illegal, but inexcusable, and that the prayer of the petition should be granted.

fudgmejit of ouster.